UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARY DETRES,

Plaintiff,

vs.                                              Case No.:

EXPERIAN INFORMATION SOLUTIONS,
INC., and I.C. SYSTEM, INC.,

Defendants.
_____/

**COMPLAINT**

COMES NOW the plaintiff, MARY DETRES, (hereafter the "Plaintiff") by counsel and for his complaint against the Defendants, alleges as follows:

**PRELIMINARY STATEMENT**

1. This is an action for actual, statutory and punitive damages costs and attorney's fees brought pursuant to 15 U.S.C. § 1681 et s*eq*. (Federal Fair Credit Reporting Act), and 15 U.S.C. § 1666 (Federal Fair Credit Billing Act), 15 USC § 1692, et seq. (Fair Debt Collections Practice Act "FDCPA"), and Fla. Stat. 559.55 et seq. (the Florida Consumer Collection Practices Act, "FCCPA").

**JURISDICTION AND VENUE**

2. The jurisdiction of this Court is conferred by 15 U.S.C. § 1681(p) and 28 U.S.C. 1367.

3. The plaintiff is a natural person and resident of the State of Florida. She is a "consumer" as defined by 15 U.S.C. § 1681a (c), 1692a(3), and Florida Statutes §559.55(2).

4. Upon information and belief, EXPERIAN INFORMATION SERVICES, INC., ("Experian") is a corporation incorporated under the laws of the state of Florida.

5. Upon information and belief, I.C. SYSTEM, INC., ("IC") is a business doing business in the state of Florida.

6. Venue is proper in this District because the act and transaction occurred here, Plaintiff resides here, and Defendant transacts business here.

## FACTS COMMON TO ALL COUNTS

7. Upon information and belief, Experian is a "consumer reporting agency" as defined in 15 U.S.C 1681(f). Upon information and belief, Experian is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports as defined to 15 U.S.C. 1681(d) to third parties.

8. Upon information and belief, Experian disburses such consumer reports to third parties under contract for monetary compensation.

9. Defendant, IC is a collection agency operating from an address of 444 Highway 96 East, St. Paul, MN 55127-2557, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

10. Plaintiff incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

11. Sometime thereafter, the debt was consigned, placed or otherwise transferred to Defendant IC for collection from this Plaintiff.

12. Defendant IC sought to collect from Plaintiff an alleged debt arising from transactions incurred for personal, family or household purposes.

13. Defendant IC attempted to claim and enforce a debt when Defendant knew or should have known that Plaintiff's debt satisfied and nonexistent.

14. As a result of the improper collection attempts and reporting to the credit agencies of Plaintiff's nonexistent debt, Plaintiff's credit rating has been damaged.

15. Defendant IC regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

16. Defendant IC regularly collects or attempts to collect debts for other parties.

17. Defendant IC was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

18. In or about 2005, Plaintiff rented a home in New York and as a result used electricity from the Long Island Power Authority ("LIPA").

19. Plaintiff remitted total payment to LIPA, Attached hereto as Exhibit "A" is a copy of the paid in full receipt from LIPA.

20. Sometime thereafter, IC submitted false information to Experian, and others, informing the agencies that Plaintiff was delinquent in her payments to LIPA.

21. As a result of the wrongfully submitted information, in or about 2009, Plaintiff's credit score dropped.

22. Plaintiff subsequently obtained a copy of her credit reports from the Major Credit Reporting Agencies.

23. Plaintiff made numerous attempts to have Defendants Experian and IC correct their mistake and clear her credit report; to no avail.

24. Within the Experian credit report, Experian reported that Plaintiff had opened and was responsible for an unpaid balance, which account was still outstanding and had a derogatory payment history.

25. The derogatory statement relating to the unpaid electric bill was false.

26. Upon the Plaintiff's request for verification and deletion, and in accordance with its standard procedure, Experian did not evaluate or consider any of Plaintiff's information, claims or evidence and did not make any attempt to substantially or reasonably verify the full payment of the electric bill.

## CAUSES OF ACTION

### COUNT I
### VIOLATIONS OF THE FCRA – 15 U.S.C. § 1682 et seq.,
### AGAINST EXPERIAN

27. Plaintiff re-alleges and incorporates paragraphs 1 through 26 above as if fully stated herein

28. The defendant "credit reporting agency" Experian willfully and/or negligently violated the provisions of the FCRA on multiple occasions in the following manner:

    a. By way and/or negligently failing to follow reasonable procedure in the preparations of the consumer report concerning the Plaintiff and to assure maximum possible accuracy of the information in the report.

    b. By willfully and/or negligently failing to disclose the nature and substance of all information in it's files on the Plaintiff at the time of the requests in violation of 15 U.S.C. § 1681g(a).

c. By willfully and/or negligently failing to delete incomplete and inaccurate information on the Plaintiff's file after conducting an investigation, in violation of 15 U.S.C. §1681i(a).

d. By willfully and/or negligently failing to contact some or all of the sources suggested by the Plaintiff during the re-investigation in violation of 15 U.S.C. §1681i(c).

e. By willfully and/or negligently failing to provide subsequent users of the report with Plaintiff's statement of dispute or a summary therof, in violation of 15 U.S.C. §1681i(c).

f. By willfully and/or negligently violating 15 U.S.C. §1681i(6) and (7) and failing to comply with the notice of results of re-investigation provision within 15 days of the request.

29. As a result of this conduct, action and inaction of the defendant credit reporting agency Experian, the Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from credit, the mental and emotional pain and anguish and the humiliation and embarrassment of the credit denials.

30. Upon information and belief, Plaintiff's credit score with Defendant Experian dropped, resulting in large part, if not entirely, from the erroneous characterization of the Defendant's IC account as an outstanding and overdue account rather than as paid in full.

31. The conduct, action and inaction of the Defendant Experian was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

32. In the alternative, Experian was negligent, thereby entitling Plaintiff to recover under 15 U.S.C.§1681o.

33. The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorneys' fees from the defendant credit reporting agency Experian in an amount to be determined by the Court pursuant to 15 U.S.C.§1681n and 1681o.

WHEREFORE, the Plaintiff respectfully prays that judgment be entered against the individual defendant Experian for:

    a. Actual Damages pursuant to §1681n(a)(1)(A) and §1681o(a)(1);

    b. Statutory damages up to $1,000.00 pursuant to §1681(a)(1)(B);

    c. Attorneys' fees, litigation expenses and costs of suit pursuant to §1681n(a)(3) and §1681o(a)(2); and

    d. For such other and further relief as the Court deems just, equitable, and proper.

## COUNT II
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692 et seq.

34. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

35. The foregoing act and omission of the Defendant IC and its agent constitutes numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to the Plaintiff.

36. As a result of the Defendant IC's violation of the FDCPA, Plaintiff is entitled to statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and,

reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from the Defendant herein.

WHEREFORE, Plaintiff requests that this Honorable Court enter judgment in favor of Plaintiff and against Defendant IC for:

A) Damages and

B) Attorneys' fees and costs.

## COUNT III

### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692c(b)

37. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

38. Defendant IC improperly communicated an amount not permitted by law, mainly, reported an amount due and owing that Plaintiff was not legally obligated to pay to consumer credit agencies.

WHEREFORE, Plaintiff requests that this Honorable Court enter judgment in favor of Plaintiff and against Defendant IC for:

A) Damages and

B) Attorneys' fees and costs.

## COUNT IV

### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692e(2)

39. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

40. Defendant IC falsely represented the character of the debt that was allegedly owed to Defendant.

41. Defendant IC attempted to collect the debt from Plaintiff that it knew was not legitimate.

WHEREFORE, Plaintiff requests that this Honorable Court enter judgment in favor of Plaintiff and against Defendant IC for:

A) Damages and

B) Attorneys' fees and costs.

## COUNT V

### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692e(8) and 1692e(10)

42. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

43. Defendant IC improperly communicated an alleged debt not permitted by law, mainly, reported an incorrect debt due and owing by Plaintiff to consumer credit agencies.

44. Defendant IC's improper discourses to the credit agencies were attempts to collect the debt from Plaintiff that it knew was not legitimate.

WHEREFORE, Plaintiff requests that this Honorable Court enter judgment in favor of Plaintiff and against Defendant IC for:

A) Damages and

B) Attorneys' fees and costs.

## COUNT VI

### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692f(1)

45. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

46. Defendant IC falsely represented the character of the alleged debt that was allegedly owed to Defendant.

47. The alleged debt that Defendant IC attempted to collect from Plaintiff was not expressly authorized by the agreement creating the alleged debt nor was it permitted by law.

WHEREFORE, Plaintiff requests that this Honorable Court enter judgment in favor of Plaintiff and against Defendant IC for:

A)   Damages and

B)   Attorneys' fees and costs.

## COUNT VII

### VIOLATION OF 559.72(9) OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

48. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

49. Defendant IC attempted to enforce a debt that it knew was not legitimate.

WHEREFORE, Plaintiff requests that this Honorable Court enter judgment in favor of Plaintiff and against Defendant for:

A)   Damages and

B)   Attorneys' fees and costs.

## COUNT VIII

## VIOLATION OF FCCPA §559.715

50. Plaintiff re-alleges and incorporates paragraphs 1 through 26 above as if fully stated herein

51. This part does not prohibit the assignment, by a creditor, of the right to bill and collect a consumer debt. <u>However, the assignee must give the debtor written notice of such assignment within 30 days after the assignment.</u> The assignee is a real party in interest and may bring an action in a court of competent jurisdiction to collect a debt that has been assigned to such assignee and is in default.

WHEREFORE, Plaintiff requests that this Honorable Court enter judgment in favor of Plaintiff and against Defendant IC for:

A) Damages and

B) Attorneys' fees and costs.

## JURY TRIAL DEMAND

Plaintiff is entitled to and hereby demands a trial by jury as stated in the U.S. constitution. Amendment 7 and F.R.C.P. 38.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against the Defendant.

Dated: September 27, 2011

Respectfully submitted,

*[signature]*

Andrew I. Glenn
E-mail: AGlenn@cardandglenn.com
Florida Bar No.: 577261
J. Dennis Card, Jr.
E-mail: DCard@cardandglenn.com

Florida Bar No. 0487473
Card & Glenn, P.A.
2501 Hollywood Boulevard, Suite 100
Hollywood, Florida 33020
Telephone: (954) 921-9994
Facsimile: (954) 921-9553
Attorneys for Plaintiff