UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
CASE NO.: 8:11-CV-2246

MARY DETRES,

    Plaintiff,

v.

EXPERIAN INFORMATION SOLUTIONS, INC.,

and

I.C. SYSTEM, INC.,

    Defendants.
_____/

## ANSWER, AFFIRMATIVE DEFENSES AND JURY DEMAND

COMES NOW, Defendant, I.C. System, Inc., and responds to Plaintiff's Complaint as follows:

1. Defendant admits that Plaintiff's Complaint seeks damages under the FCRA, FDCPA and FCCPA, but Defendant avers that Plaintiff is entitled to no relief thereunder.

2. Defendant is without sufficient knowledge to admit or deny the veracity of this paragraph and therefore, denies and demands strict proof thereof.

3. Defendant is without sufficient knowledge to admit or deny the veracity of this paragraph and therefore, denies and demands strict proof thereof.

4. Defendant is without sufficient knowledge to admit or deny the veracity of this paragraph and therefore, denies and demands strict proof thereof.

5. Admitted.

6. Defendant is without sufficient knowledge to admit or deny the veracity of this paragraph and therefore, denies and demands strict proof thereof.

7. Defendant is without sufficient knowledge to admit or deny the veracity of this paragraph and therefore, denies and demands strict proof thereof.

8. Defendant is without sufficient knowledge to admit or deny the veracity of this paragraph and therefore, denies and demands strict proof thereof.

9. Admitted that Defendant is sometimes considered a "debt collector" as defined by the FDCPA.

10. Defendant is without sufficient knowledge to admit or deny the veracity of this paragraph and therefore, denies and demands strict proof thereof.

11. Defendant is without sufficient knowledge to admit or deny the veracity of this paragraph and therefore, denies and demands strict proof thereof.

12. Defendant is without sufficient knowledge to admit or deny the veracity of this paragraph and therefore, denies and demands strict proof thereof.

13. Denied.

14. Denied.

15. Admitted.

16. Admitted.

17. Admitted that Defendant is sometimes considered a "debt collector" as defined by the FDCPA.

18. Defendant is without sufficient knowledge to admit or deny the veracity of this paragraph and therefore, denies and demands strict proof thereof.

19. Defendant is without sufficient knowledge to admit or deny the veracity of this paragraph and therefore, denies and demands strict proof thereof.

20. Denied.

21. Denied.

22. Defendant is without sufficient knowledge to admit or deny the veracity of this paragraph and therefore, denies and demands strict proof thereof.

23. Defendant is without sufficient knowledge to admit or deny the veracity of this paragraph and therefore, denies and demands strict proof thereof.

24. Defendant is without sufficient knowledge to admit or deny the veracity of this paragraph and therefore, denies and demands strict proof thereof.

25. Defendant is without sufficient knowledge to admit or deny the veracity of this paragraph and therefore, denies and demands strict proof thereof.

26. Defendant is without sufficient knowledge to admit or deny the veracity of this paragraph and therefore, denies and demands strict proof thereof.

27. Defendant incorporates its responses to Paragraphs 1 through 26.

28. Defendant is without sufficient knowledge to admit or deny the veracity of this paragraph and therefore, denies and demands strict proof thereof. (a through f inclusive).

29. Defendant is without sufficient knowledge to admit or deny the veracity of this paragraph and therefore, denies and demands strict proof thereof.

30. Defendant is without sufficient knowledge to admit or deny the veracity of this paragraph and therefore, denies and demands strict proof thereof.

31. Defendant is without sufficient knowledge to admit or deny the veracity of this paragraph and therefore, denies and demands strict proof thereof.

32. Defendant is without sufficient knowledge to admit or deny the veracity of this paragraph and therefore, denies and demands strict proof thereof.

33. Defendant is without sufficient knowledge to admit or deny the veracity of this paragraph and therefore, denies and demands strict proof thereof.

34. Defendant incorporates its responses to Paragraphs 1 through 26.

35. Denied.

36. Denied.

37. Defendant incorporates its responses to Paragraphs 1 through 26.

38. Denied.

39. Defendant incorporates its responses to Paragraphs 1 through 26.

40. Denied.

41. Denied.

42. Defendant incorporates its responses to Paragraphs 1 through 26.

43. Denied.

44. Denied.

45. Defendant incorporates its responses to Paragraphs 1 through 26.

46. Denied.

47. Denied.

48. Defendant incorporates its responses to Paragraphs 1 through 26.

49. Denied.

50. Defendant incorporates its responses to Paragraphs 1 through 26.

51.     Denied.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Defendant asserts that Plaintiff lacks standing to pursue claims under the FDCPA and FCCPA.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the statute of limitations.

## FOURTH AFFIRMATIVE DEFENSE

Defendant asserts, without admitting any liability whatsoever, that any violation of federal or state law was unintentional and the result of a bona fide error, notwithstanding reasonable procedures in place to prevent such errors.

## FIFTH AFFIRMATIVE DEFENSE

Defendant asserts, without admitting any liability whatsoever, that Plaintiff's claims, in whole or in party, are pre-empted by the Fair Credit Reporting Act, 15 U.S.C. 1681, *et seq.*

## DEMAND FOR JURY TRIAL

Defendant demands a trial by jury on all issues.

WHEREFORE, Defendant prays for judgment in its favor dismissing Plaintiff's Complaint.

        Respectfully submitted by:

        _____/s/ Dale T. Golden____
**GOLDEN & SCAZ, PLLC**
Dale T. Golden, Esquire
FBN: 0094080

 /s/ Charles J. McHale
Charles J. McHale, Esquire
Florida Bar No. 0026555

201 North Armenia Avenue
Tampa, FL 33609
Phone: 813-251-5500
Fax: 813-251-3675
Email: dale.golden@goldenscaz.com
Email: cmchale@goldenscaz.com
Attorneys for Defendant

## CERTIFICATE OF SERVICE

    I hereby certify that on October 27, 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF. I also certify that the foregoing document is being served this day on all counsel either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

        _____/s/ Dale T. Golden
DALE T. GOLDEN, ESQUIRE
Florida Bar No. 0094080

 /s/ Charles J. McHale
Charles J. McHale, Esquire
Florida Bar No. 0026555